IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON DUNCAN, | ) | |
| | ) | Civil Action No. 2: 15cv1347 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | United States District Court |
| | ) | Nora Barry Fischer |
| SERGEANT BLACK, C.O. CERCONE, | ) | |
| and SUPERINTENDENT COLEMAN, | ) | |
| | ) | United States Magistrate Judge |
| Defendants. | ) | Cynthia Reed Eddy |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants Cercone and Coleman be denied. (ECF No. 53). It is further recommended that the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant Black also be denied. (ECF No. 55).

### II. REPORT

Plaintiff Brandon Duncan ("Plaintiff" or "Duncan") is a state prisoner in the custody of the Pennsylvania Department of Corrections and is currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). He filed this *pro se* civil rights action under 42 U.S.C. § 1983 and alleges that while he was incarcerated at SCI-Fayette, defendants Sergeant Black, C.O Cercone, and Superintendent Coleman violated his federal constitutional rights under the Eighth Amendment to the United States Constitution when they failed to protect him from a violent assault by another inmate. Plaintiff also brings a state law claim of intentional infliction of emotional distress against Defendant Black.

1

Defendants Cercone and Coleman filed a motion to dismiss (ECF No. 53) and Sergeant Blank filed a separate a motion to dismiss. (ECF No. 55.) Plaintiff responded in opposition to both motions. (ECF Nos. 59 and 60.) Defendant Black filed a Reply Brief (ECF No. 61), to which Plaintiff responded. (ECF No. 62.) The motions are now ripe for review.

A.  **Factual Background**

The following allegations are included in Plaintiff's Amended Complaint and are accepted as true and all reasonable inferences are drawn in a light most favorable to Plaintiff. *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). [1]

On October 20, 2013, Plaintiff was injured when another inmate, Alexander Fulton, struck him in the head with a combination lock that was concealed in a brown knit hat. As a result of his injuries, Duncan received six staples in his head.

Duncan alleges that immediately prior to the attack, Fulton went to the control bubble where Sgt. Black was working and spoke with Sgt. Black. After their conversation, Sgt. Black opened Fulton's cell door so that he could go into his cell and opened an unoccupied cell which, according to the Amended Complaint, should have remained locked. Fulton entered the unoccupied cell and motioned for Duncan to join him. When Duncan entered the cell, Fulton began to attack him. C.O. Cercone was the assigned pod officer at the time of the attack, but was not present on the pod at the time of the attack.

---

[1] Additionally, "[i]n deciding motions under Rule 12(b)(6), courts may consider 'document[s] *integral to or explicitly relied* upon in the complaint,' or any 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Asbestos Prod. Liabl. Litig. (No. VI),* 822 F.3d 125, 133 n.7 (3d Cir. May 16, 2016) (emphasis in original, internal citations omitted). Attached to the Amended Complaint are six exhibits. The Court has reviewed and considered each of these exhibits in deciding the pending motions to dismiss.

In his Amended Complaint, Duncan alleges that Superintendent Coleman allowed a pattern or practice of understaffing the control bubble and failed to enforce DOC policies regarding appropriate staffing and that the Superintendent "allowed a pattern or practice of a 'fight club' in which correction officers could place bets on bouts between inmates and in one instance a guard against an inmate." Amended Complaint, at ¶ 43. In support of this allegation, Plaintiff has attached a 2011 newspaper article from TribLIVE titled "Fight club allege at SCI-Fayette." *See* Exh. 1 to Amended Complaint ([ECF No. 50-2](ECF No. 50-2)). With regard to Defendant Cercone, the Amended Complaint states that C.O. Cercone routinely would leave the pod, knowingly creating a risk to inmates because when he was absent there was no correction officer present on the pod. As to Defendant Black, the Amended Complaint states that Defendant Black "would routinely encourage and enable inmate on inmate assaults." *Id*. at ¶ 45. The Amended Complaint further states that "Defendant Black admitted to Captain Workman that (Defendant Black) opened a cell door and allowed the inmates to 'settle their differences'." Amended Complaint, ¶ 72 (quoting from Superior Court Opinion).

The DOC Office of Special Investigations and Intelligence (OSII) conducted an internal investigation of the incident and apparently based on its findings, Defendant Black was criminally charged with recklessly endangering another person. Defendant Black was admitted to the Accelerated Rehabilitated Disposition Program for a period of six (6) months and ordered to complete fifty (50) hours of community service and pay a number of fines. Amended Complaint, Exh. 6.

**B.     Standard of Review**

    1.    <u>Standard of Review</u>

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

## C. Discussion

The Court will discuss the two pending motions together, as the factual allegations asserted against the three defendants overlap.

In the most general sense, a prison official violates the Eighth Amendment when the following two elements are established: (1) the inmate alleges an objectively serious deprivation by a prison official of food, clothing, shelter, medical care, or safety; and (2) the prison official acted with a sufficiently culpable state of mind to deprive the inmate of his right to food, clothing, shelter, medical care, or safety. Of particular relevance to this case, the United States Supreme Court has addressed these two general elements as they apply to the failure to protect from assault by other inmates. *Framer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment also imposes a duty on prison officials to " ' take reasonable measures to guarantee the safety of the inmates.'" *Id*. (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)). Despite this general requirement to protect inmates, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety" *Id*. at 834.

To state a cognizable failure to protect claim under § 1983, the inmate must demonstrate that two conditions are met. First, for a claim "based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of harm." *Id*. (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). Second, the inmate must show that prison officials acted with deliberate indifference to the safety of the inmate. The test for deliberate indifference is twofold: To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and

he must also draw the inference." *Farmer,* 511 U.S. at 837. With these standards in mind, the Court will now examine plaintiff's failure to protect claims.

  a. <u>Substantial Risk of Serious Harm</u>

The Court finds that Duncan has satisfied the first prong of the inquiry. In the Amended Complaint, he alleges that he was the victim of a violent attack by another inmate that resulted in a head wound requiring six staples. The allegations of the Amended Complaint sufficiently plead that Duncan was put at substantial risk of serious harm.

  b. <u>Deliberate Indifference</u>

Defendants argue that Duncan does not satisfy the deliberate indifference prong because he has failed to show particularized knowledge by the Defendants that there was a risk to Plaintiff. However, the United States Supreme Court held in *Farmer* that an inmate could demonstrate deliberate indifference not only by showing that prison officials failed to respond to a particularized threat to the complaining plaintiff, but also "by showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk." *Farmer,* 511 U.S. at 842.

Construed in the light most favorable to Duncan, the Court recommends that the allegations against all three defendants be allowed to continue beyond the defendants' motion to dismiss. Discovery may well reveal that the alleged conduct of each of the Defendants does not give rise to a deliberate indifference claim, but at this early stage of litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Duncan's favor. The Court finds that Duncan has alleged enough to create plausible deliberate indifference claims against the Defendants and, thus, recommends that these claims be allowed to continue beyond the Defendants' motions to dismiss.

### III. CONCLUSION

In accordance with the foregoing, it is respectfully recommended that the Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 53) filed by Defendants Cercone and Coleman be denied. It is further recommended that the Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 55) filed by Defendant Black also be denied.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, may file objections to this Report and Recommendation by **February 6, 2017**, and Defendants, because they are electronically registered parties, may file objections by **February 2, 2017.** The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

s/ Cynthia Reed Eddy<br>Cynthia Reed Eddy<br>United States Magistrate Judge

Dated: January 19, 2017

cc:    BRANDON DUNCAN
      ES-1003
      S.C.I Greene
      175 Progress Drive
      Waynesburg, PA 15370
      (via U.S. First Class Mai)

      Allen M. Lopus
      Jerri Ann Ryan
      Clark Hill PLC
      (via ECF electronic notification)

      Timothy Mazzocca
      Office of Attorney General
      (via ECF electronic notification)